IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESS D. WHELAN, )
 )
       Plaintiff, )
 )
   v. ) Civil Action No. 18-392-E
 )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

O R D E R

AND NOW, this 17th day of September, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") failed to properly evaluate the medical opinion of his treating physician Robert W. Piston, M.D., and his treating chiropractor Keith S. Unger, D.C., in formulating his residual functional capacity ("RFC") and in finding him to be not disabled under the Social Security Act. The Court finds no merit to these arguments and instead finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Plaintiff first asserts that the ALJ erred in giving little weight to the August 3, 2017 opinion submitted by Dr. Piston, his treating neurosurgeon, who opined that his functional capacity was more limited than as set forth in the ALJ's RFC findings. (R. 1166-71). As Plaintiff points out, when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although she may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011).

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part).

The ALJ here discussed the record evidence at great length and explained how and why she found it not to support the limitations to which Dr. Piston opined. She first noted that Dr. Piston's opinion consisted merely of checked boxes on a form with no significant explanation. (R. 23,1166-71). The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Moreover, the ALJ discussed the objective medical evidence and indicated why it was inconsistent with Dr. Piston's opinion. Further, contrary to Plaintiff's claims, she did discuss Plaintiff's activities of daily living at significant length, finding them to be inconsistent with Dr. Piston's opinion. (R. 18, 20, 23). She discussed the nebulous nature of Plaintiff's diagnoses and treatment for Lyme disease, correctly pointing out that he had repeatedly tested negative for this condition. (R. 16, 22, 342, 347, 502, 510, 514, 729, 1117-19). In addition, the ALJ cited to portions of the record casting doubt on Plaintiff's credibility, including Dr. Piston's statement that Plaintiff had been "very active" post-surgery, performing aggressive exercises early in his recovery period against doctors' recommendations, and notes from a May 2017 EMG study suggesting that Plaintiff substantially exaggerated his symptoms, as he presented with a significantly antalgic gait but was observed leaving without any gait deviation. (R. 21, 1053 1159). The Court notes that the record also contains evidence that Plaintiff routinely cancelled or was late for home nurse appointments while supposedly being homebound to socialize with friends, leading to his discharge from visiting nurse services. (R. 1000).

All of this constitutes substantial evidence in support of the ALJ's findings as to Dr. Piston's opinion and as to the formulation of Plaintiff's RFC, especially in light of the United States Supreme Court's recent reminder that the threshold for meeting the substantial evidence standard "is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). Plaintiff essentially is asking the Court to adopt his own analysis as to how consistent Dr. Piston's opinion is with the record as a whole. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. See Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry, 738 F. Supp. at 944 (citing Cotter, 642 F.2d at 705). Likewise, it is not enough that Plaintiff offers his own analysis as to how he believes the record supports Dr. Piston's opinion. "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761, 764 (3d Cir. 2009). The ALJ's consideration of the matter was more than adequate, particularly in light of the fact that an ALJ need not discuss every piece of evidence in the record as long as the reviewing court can determine the basis for the decision. See Fargnoli, 247 F.3d at 42; Tisoit v. Barnhart, 127 Fed. Appx. 572, 575 (3d Cir. 2005).

The same is true for the opinion of Mr. Unger, Plaintiff's chiropractor. As she did with Dr. Piston's opinion, the ALJ thoroughly discussed her reasons for giving reduced weight to Mr. Unger's opinion, explaining that the checkbox opinion form was inconsistent with the medical records and Plaintiff's activities of daily living. (R. 23). She further emphasized that Mr. Unger's opinion was inconsistent with that of Dr. Piston, as the limitations to which Mr.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and that Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

        s/Alan N. Bloch
        United States District Judge

ecf:    Counsel of record

---

Unger opined "far exceed the limitations outlined by treating orthopedist Dr. Piston." (Id.). The ALJ also noted that Mr. Unger's opinion relied heavily on the fact that Plaintiff had been diagnosed with Lyme disease, fibromyalgia, and fatigue, which was not only questionable but also outside of the chiropractor's field of expertise. (Id.). The Court finds the ALJ's discussion to be sufficient and supported by substantial evidence.

    Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.